UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:24-cv-22398

ARNALDO M. MARTIN,

    Plaintiff,

vs.

DORAL LINCOLN, LLC,

    Defendant.
_____/

### PETITION TO CONFIRM ARBITRATION AWARD

Plaintiff, Arnaldo M. Martin, an individual ("MARTIN"), hereby petitions this Court to Confirm an Arbitration Award pursuant to 9 U.S.C. §§ 1-16, and states:

### Summary of Petition

1. This petition is filed pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), to confirm the Final Arbitration Award dated June 14, 2024 (the "Final Award") issued by the one-person arbitration panel sitting in Miami, Florida.

### Parties and Jurisdiction

2. Plaintiff, Arnaldo M. Martin, is an individual with his principal place of residence in Miami, Florida.

3. Defendant, DORAL LINCOLN, LLC ("DORAL LINCOLN"), is a Florida limited liability company with its principal place of business in Doral, Florida.

4. This Court has jurisdiction over this petition pursuant to 28 U.S.C. § 1332, as complete diversity exists between MARTIN and DORAL LINCOLN, and the amount in controversy exceeds $75,000.

5. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2), 9 U.S.C. § 9, and the parties' Arbitration Agreement.

**Facts**

6. MARTIN and DORAL LINCOLN were parties to the Motor Vehicle Lease Agreement (the "LEASE") whereby DORAL LINCOLN was to provide various services to MARTIN. A copy of the LEASE is attached hereto as **Exhibit "A."**

7. Section 44 of the LEASE, entitled "Arbitration," provides that "Either you or Lessor/Finance Company/Holder may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration." Ex. A at § 44.

*8.* Section 44 provides: "This contract is subject the Federal Arbitration Act." Ex. A at § 44. Section 44 further provides that "The decision of the arbitrator shall be final and binding upon the parties. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction." *Id.*

9. On March 29, 2018, DORAL LINCOLN filed its arbitration demand with the American Arbitration Association after a failed attempt to obtain injunctive relief in federal court to prevent the termination of the LEASE. *See DORAL LINCOLN, LLC v. MARTIN Franchise Group, Inc.*, Case 1:18-cv-21092-CMA, [DE 24] (S.D. Fla. 2018). In its arbitration demand, DORAL LINCOLN brought claims for alleged breach of contract and related equitable/tort claims, all of which relate to MARTIN's termination of the LEASE.

10. A final hearing was held in December 2023 during which the parties presented

evidence, including DORAL LINCOLN documentary evidence and witness testimony, in support of their respective positions.

11. An Interim Award was entered by the presiding arbitrator, Caryn Canner Schwartz(the "Arbitrator"), which found that MARTIN was the prevailing party on all issues of liability and was entitled to remuneration of certain attorneys' fees and costs pursuant to the LEASE. Attachedas **Exhibit "B"** is a copy of the Interim Award.

**12.** The Final Award was entered by the Arbitrator on June 14, 2024. A copy of the Final Award is attached hereto as **Exhibit "C."**

13. The Final Award provides that MARTIN shall recover from DORAL LINCOLN the amount of $2,472.04 in attorneys' fees and $4,030.65 in costs. Ex. C at p. 4.

## Memorandum of Law

14. Section 9 of the FAA provides that, upon application of any party to the arbitration, the court **must** confirm the arbitrator's award unless it is vacated, modified, or corrected in accordance with sections 10 and 11 of the FAA. 9 U.S.C. § 9 (emphasis added).

15. There is a presumption under the FAA that arbitration awards will be confirmed, and "federal courts should defer to an arbitrator's decision whenever possible." *B.L. Harbert International, LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir. 2006). "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1322 (11th Cir. 2010).

16. The Arbitrator's Final Award was made in accordance with the terms and provisions of the parties' LEASE and is in all respects proper. No application has been made to the Arbitrator for modification or correction of the Final Award.

17. Because none of the grounds to vacate, modify or correct the Final Award as set forth in 9 U.S.C. §§ 10-11 exist, confirmation of the Final Award is appropriate.

18. This petition is timely pursuant to 9 U.S.C. § 9 because it is filed within one year after the Final Award was entered on June 14, 2024.

19. MARTIN requests the recovery of its attorneys' fees and costs incurred in seeking confirmation of the award pursuant to the Federal Arbitration Act, the Florida Arbitration Act, the LEASE, and all other applicable contracts or statutes.

## Conclusion

20. For the foregoing reasons, the Court should exercise its authority under the FAA and enter an order confirming the Final Award and entering final judgment against DORAL LINCOLN.

WHEREFORE, Plaintiff, Arnaldo M. Martin, respectfully requests that this Court ( 1 ) enter an order confirming the Final Award in accordance with 9 U.S.C. § 9; (2) direct the clerk of this Court to enter final judgment in favor of MARTIN and against Defendant, DORAL LINCOLN, LLC, in accordance with the Final Award plus all attorneys' fees, costs, and interest as permitted under applicable law; and (3) enter all other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: June 18, 2024

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.

                                                      FL Bar No.: 124685
Email: Josh@JFeyginesq.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison St, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: 561-655-1980
Facsimile: 561-655-5677
*Counsel for Arnaldo M. Martin*

-7-