# EXHIBIT C

AMERICAN
ARBITRATION
ASSOCIATION

INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-22-0004-2216

Arnaldo L. Martin, Claimant
-vs-
Doral Lincoln, LLC, Respondent

## FINAL AWARD OF ARBITRATOR

I, Meah Rothman Tell, the UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the above-named parties, and having been duly sworn, and having duly considered the proofs and allegations of the Parties, their experts, their affidavits, time records, and memorandum of law, and who are represented by counsel, and having considered the previously rendered Interim Award dated January 9, 2024, rendered by Arbitrator Caryn Canner Schwartz, Senior Judge (the "Interim Award"), which is confirmed, adopted, and incorporated as if fully set forth herein, do hereby issue this FINAL AWARD as follows:

I. *Motion to Re-Open the Evidentiary Hearing and Other Pending Matters.*

1. Yesterday, the Claimant requested that the evidentiary portion of the hearing with regard to attorney's fees and costs be re-opened to provide updated information since February 13, 2024. The Respondent has objected to the re-opening of the evidentiary hearing and has requested that it be given leave to file a Motion for Sanctions. Based upon the schedules of counsel it was not possible to schedule a hearing on this matter. The Final Award has been prepared and will be rendered timely today.  The Arbitrator has reviewed Rule 41 of the AAA Consumer Arbitration Rules, the arbitration clause in the Lease, the docket in this matter, and in her discretion has determined that it is not in the best interests of the parties to delay the rendering of the Final Award, and to engage in further litigation and expense.

II. *Undisputed Findings of Fact.*

2. The Interim Award awards relief to the Claimant based upon his Amended Statement of Claim which was filed on May 26, 2023, which alleges a violation of the Consumer Leasing Act, 12 U.SC 1667 ("CLA"), and regulations related thereto, in that Respondent charged $100.00 above the purchase price of the vehicle purchased from Respondent, in addition to a $898.50 "Predelivery Service Charge" and $189.95 "Electronic Registration Filing Fee" (the latter are collectively referred to as the "Documentary Fees").

3. Arbitrator Schwartz found that the overcharge of the $100.00 was a violation of the CLA that was first raised in the Amended Statement of Claim, and that all of the elements of the Bona Fide Error

Defense articulated in 15 U.S.C. 1640 (c) had not been proven by Respondent by a preponderance of the evidence. Arbitrator Schwartz found no violation by Respondent with regard to the disclosure of the Documentary Fees. Arbitrator Schwartz did find that the Respondent was liable for attorneys' fees and costs to the Claimant as a result of the violation of the CLA. Arbitrator Schwartz did not find that the Documentary Fees and Overcharge Claims were inextricably intertwined and determined that these claims were distinct. As a result Claimant can only recover fees related to the Overcharge Claim. See *Household Fin. Corp. III v. Williams,* 290 So.3d 508 (Fla. 4th DCA 2020).

4. Respondent has not contested the use of the lodestar methodology[1] for ascertaining reasonable attorneys' fees to be awarded to the Claimant, and has not contested the reasonableness of the hourly rates sought by Claimant's counsel: $400.00 per hour for Darren Newhart, $350.00 per hour for Joshua Feygin, and $200.00 per hour for Sarah Feller. Additionally, the Arbitrator finds that these hourly rates are reasonable given the experience, fees charged in the locality, and based upon the Affidavits of the two expert witnesses.

### III. *Contested Issues.*

5. Are all the hours sought by Claimant's attorneys reasonably recoverable?

   A. Are Claimant's attorneys entitled to fees for collecting fees?

   B. Are Claimant's attorneys' fees prior to the filing of the Amended Statement of Claim awardable to Claimant?

   C. Are there specific hours for which Claimant's attorneys should not be compensated due to duplicative billing, they were for clerical or administrative work, the time entries were insufficiently detailed so as to preclude an evaluation of the reasonableness of the time incurred for the task, or there was billing for travel time?

6. What costs incurred by Claimant and his counsel should be reimbursed to them by the Respondent?

   A. What is the appropriate standard for making this determination?

   B. Is Claimant entitled to costs incurred prior to the filing of the Amended Demand?

### IV. *REASONED AWARD.*

7. **Reasonable Hours**: The Arbitrator has not adopted the across the board 10% reduction in hours proposed by Claimant's counsel. The Arbitrator has looked at all of the billing records, the Affidavits of the two expert witnesses, the Affidavits of counsel for the parties, and has considered the Interim Award which provides the Claimant recovery on the basis of the $100.00 overcharge. A separate chart setting forth what time entries were awarded is attached as Exhibit "A", which is made a part hereof. Fees are awarded to Claimant as the prevailing party with regard to the overcharge pursuant to the

---

[1] See *Fla. Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985), modified by *Standard Guar. Ins. Co.* v. Quanstrom, 555 So.2d 828 (Fla. 1990).

CLA, as determined in the Interim Award. The Arbitrator has determined in Exhibit "A" the number of hours reasonably expended by Claimant's counsel on the overcharge litigation.

A. With regard to the issue of fees awarded for collecting attorneys' fees awardable under CLA, the Arbitrator is persuaded that such fees are recoverable. See *Sheet Metal Workers' Int'l Ass'n Loc. 15, AFL-CIO v. L. Fabrication, LLC*, 237 F. App'x 543, 550 (11th Cir. 2007); *In re Burdett*, 2015 WL 150848, at *5; *Bauer v. Midland Credit Mgmt., Inc.*, No. 8:12-CV-614-T-23TGW, 2012 WL 6733649 (M.D. Fla. Dec. 4, 2012); *Bianchi v. Bronson & Migliaccio, LLP*, No. 09-61164-CIV, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011); *Small v. Absolute Collection Serv., Inc.*, No. 4-61196-CIV, 2006 WL 6183287 (S.D. Fla. Mar. 23, 2006). As stated in the Interim Award, the CLA is a remedial statute.

B. With regard to the time records prior to May 26, 2023, the Arbitrator finds that some of these entries are related to the overcharge matter, retention of the attorneys by Claimant, and selection of the arbitrator who adjudicated the Interim Award. The Arbitrator finds that the Claimant is entitled to recovery for these hours, but not for the time spent litigating the Documentary Fees issue in federal court, or in the arbitration proceedings based solely on the Initial Statement of Claim.

C. The Arbitrator finds that there are certain time entries for which Claimant is not entitled to recovery. These include:

(1) Clerical or administrative work performed by the attorneys, see *Citizens Prop. Ins. Corp. v. Pulloquinga,* 183 So. 3d 1134, 1138 (Fla. 3d DCA 2015), *N. Dade Church of God, Inc. v. JM Statewide, Inc.,* 851 So. 2d 194, 196 (Fla. 3d DCA 2003).

(2) Time entries which are not sufficiently detailed for the Arbitrator to ascertain what services were actually rendered by counsel, see *Cohen & Cohen, P.A. v. Angrand*, 710 So.2d 166 (Fla. 3d DCA 1998).

(3) Travel Time for counsel, Under the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions, travel time should not be awarded.

(4) Duplicate billing.

Those time entries which were not awarded are reflected in Exhibit "A" as -0- awarded.

8. **Costs:**

Claimant has taken the position that costs should be awarded to the Claimant under the CLA as provided in 28 U.S.C. § 1920. Respondent takes the position that costs should be recoverable as set forth in the Florida Statewide Uniform Guidelines for Taxation of Costs in Civil Actions. Using either standard the result appears to be the same.

In their proposed Final Award Respondent agrees to the recovery of the following costs by Mr. Feygin, totaling $2,472.04:

Filing fees Associated with Arbitration  $200.00

3

Interpreter Fees  $1,200.00
Translator Fees  $100.00
Deposition Costs $755.00 and $217.04

Respondent's proposed Final Award also awards $121.11 to Mr. Newhart (this appears to be the cost of final hearing binders and printing exhibits for the final hearing in the amount of $92.32, and Certified Mail of Exhibit List to the Arbitrator in the amount of $28.75 for a total of $121.07 plus $.04).

The other cost for which Claimant seeks recovery is the expert witness fee of Attorney Robert W. Murphy in the amount of $1,437.50. The Arbitrator finds that this is a recoverable cost.

Costs related to the federal court action are not recoverable as they were incurred prior to the filing of the Amended Statement of Claim.

The total recoverable costs are:  **$4,030.65**.

### AWARD:

1. The Claimant is awarded from Respondent the sum of $4,030.65 in taxable costs and $30,970.00 in reasonable attorney's fees. The reasonable attorney's fees are calculated based upon 36.8 hrs. for Mr. Newhart at $400.00 per hour ($14,720.00), 28.6 hrs. for Mr. Feygin at $350.00 per hour ($10,010.00) and 31.2 hrs. for Ms. Feller at $200.00 per hour ($6,240.00).

2. The Claimant is awarded $2,000.00 in statutory damages as set forth in the Interim Award.  The $100.00 Overcharge fee has been paid to the Claimant and is no longer due and owing from the Respondent to the Claimant.

3. The administrative fees of the American Arbitration Association totaling $2,400.00 which have been paid to the American Arbitration Association shall be borne by Respondent. This includes $200.00 paid by the Claimant which cost is to be reimbursed to Claimant in Paragraph 1 above as a taxable cost.  The compensation of Arbitrator Caryn Canner Schwartz in the amount of $15,110.00 shall be borne as incurred.  Arbitrator Meah Tell has served without compensation.

4. The above sums are to be paid on or before thirty (30) days from the date of this Award, with interest thereafter on the unpaid portion, at the legal rate for judgments in the State of Florida.

5. This Final Award is in full settlement of all claims submitted to this Arbitration.  All claims not expressly granted herein are hereby denied.

June 14, 2024
Date

_____
Meah Rothman Tell, Arbitrator

4