UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-22398-CV-WILLIAMS

ARNALDO M. MARTIN,

    Plaintiff,

v.

DORAL LINCOLN, LLC,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on the Parties' Joint Motion to Confirm Arbitration Award (DE 15) ("***Joint Motion***"). The Court has carefully reviewed the motion, the record, and the applicable law. For the reasons set forth below, the Joint Motion (DE 15) is **GRANTED**.

**I.    BACKGROUND**

Plaintiff, Arnaldo Martin ("***Mr. Martin***"), and Defendant, Doral Lincoln, LLC ("***Doral***") were parties to a consumer motor vehicle lease agreement (the "***Agreement***"), which included an arbitration provision. (DE 15 ¶¶ 5–7.) On March 29, 2018, Doral filed an arbitration demand with the American Arbitration Association. (DE 1 ¶ 9.) A final hearing in the matter was held in December 2023 and the following month, the presiding arbitrator entered an Interim Award, finding Mr. Martin to be the prevailing party. (DE 15-2.) On June 14, 2024, the Final Award was entered and provided that Mr. Martin would recover $2,000 in statutory damages, $30.970 in attorneys' fees, and $4,030.65 in costs from Doral. (DE 15 ¶¶ 10–11.) Doral has since made payment to Mr. Martin. (*Id.* ¶ 12.)

On June 21, 2024, Mr. Martin filed this action to confirm the Final Award. (DE 1.) On July 24, 2024, the Parties filed the instant Joint Motion to confirm the Final Award. (DE 15.)

## II. LEGAL STANDARD

Under the Federal Arbitration Act ("**FAA**"), "[t]here is a presumption . . . that arbitration awards will be confirmed, and federal courts should defer to an arbitrator's decision whenever possible." *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010). Section 9 of the FAA provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Section 10 of the FAA permits a district court to vacate an arbitral award on four grounds:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

### III. DISCUSSION

"After arbitration is complete, judicial review of the arbitration process and of the amount of the award is narrowly limited." *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 932 (11th Cir. 1990). "[A] confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the United States Arbitration Act." *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989) (internal citations omitted). Here, the Parties jointly move to confirm that arbitration award and neither Party seeks to the vacate the arbitration based on any of the enumerated grounds in the FAA. The Court has reviewed the Final Award and finds that it is appropriate and does not contravene public policy or the law.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Parties' Joint Motion to Confirm Arbitration Award is (DE 15) is **GRANTED**.

2. The Final Award (DE 15-3) is **CONFIRMED**. The Clerk of Court is directed to enter judgment in favor of Plaintiff Arnaldo Martin and against Defendant Doral Lincoln, LLC.

3. The Clerk of Court is directed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 31st day of July, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE